(Not for Publication)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
HENRY J. BERENATO,                  :
                                    :
            Plaintiff,              :       Civil No. 06-4355 (RBK)
                                    :
       v.                           :       **OPINION**
                                    :
UNITED STATES OF AMERICA, et al.    :
                                    :
            Defendants.             :
_____:

**KUGLER**, United States District Judge:

Presently before the Court is a motion by defendant United States of America ("the Government") for an award of summary judgment against plaintiff Henry J. Berenato ("Plaintiff") on Plaintiff's suit brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. Further before the Court is Plaintiff's cross-motion for dismissal without prejudice. For the reasons set forth below, this Court will grant the Government's motion, dismiss Plaintiff's claim, and deny Plaintiff's motion as moot.

I.      BACKGROUND

Plaintiff filed a complaint under the FTCA against the United States, the Veterans Association Medical Centers of Philadelphia, Pennsylvania and Wilmington, Delaware, as well

1

as individual defendants, Ms. Cunningham, Ms Terriamani, and Dr. Yaknip.[1]  Plaintiff alleges medical malpractice against the healthcare providers who treated him at both Veterans Association Medical Centers.  Specifically, Plaintiff alleges that from 1970 to 1993 and starting again in 2003, Defendants negligently drugged him, causing him severe physical and mental incapacity and resulting in his attempted suicide and a number of accidents.

In response to Plaintiff's complaint, the Government filed a motion for summary judgment, arguing that the Court lacks subject matter jurisdiction over Plaintiff's claim because Plaintiff failed to exhaust his administrative remedies as required by the FTCA.  Plaintiff then filed what he styled a cross-motion for dismissal without prejudice, in which he concedes his failure to exhaust.

**II.    STANDARD FOR SUMMARY JUDGMENT**

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  When the Court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."  Id. at 255.

---

[1] The Court notes that the United States is the only proper defendant in a suit brought under the FTCA.  28 U.S.C. 1346(b).  The FTCA does not authorize suits against individuals sued in their official capacities or against agencies or instrumentalities of the United States government.  Id.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330. The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

**III.   DISCUSSION**

   A. The Court Lacks Subject Matter Jurisdiction Because Plaintiff Failed to Exhaust His
      Administrative Remedies

The Government is entitled to summary judgment because the Court does not have subject matter jurisdiction over this case. Pursuant to the doctrine of sovereign immunity, the United States may not be sued without its consent. The Federal Tort Claims Act, however, provides "a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." United States v. Orleans, 425 U.S. 807, 813 (1976). The FTCA allows a suit to be brought against the Government for, inter alia, "injury or loss of property, or personal injury

or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b).

To bring suit under the FTCA, a plaintiff must first have "presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." 28 U.S.C. § 2675(a).  Within the Third Circuit courts have construed this administrative exhaustion provision as a nonwaivable jurisdictional requirement.  E.g., Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971) (citation omitted); Kozel v. Dunne, 678 F. Supp. 450, 453 (D.N.J. 1988).  "The statutory language is clear that a court does not have jurisdiction before administrative remedies have been exhausted, and a court must dismiss any action that is initiated prematurely."  Wilder v. Luzinski, 123 F. Supp. 2d 312, 313 (E.D. Pa. 2000) (citing McNeil v. United States, 508 U.S. 106 (1993); Wujick v. Dale & Dale, 43 F.3d 790, 793-94 (3d Cir. 1994)).

In support of its motion for summary judgment the Government offers the declaration of Jose Lopez, Regional Counsel of Veterans Affairs Region 4.  The Office of Regional Counsel handles administrative adjudication of claims against the Department of Veterans Affairs ("DVA") arising under the FTCA. (Mot. Summ. J. Ex. ¶ 2.)  Mr. Lopez attests that on learning of Plaintiff's lawsuit, he searched the relevant records and concluded that Plaintiff never filed a Standard Form 95 or otherwise notified the DVA of his tort claims. (Mot. Summ. J. Ex. ¶¶ 3-5.) Plaintiff acknowledges that he has not filed an administrative claim with the DVA as required by the FTCA.  He states that he only first learned of the exhaustion requirement from the Government's summary judgment motion.  Therefore, the Court accepts as true that the appropriate federal agency, here the DVA, has not had an opportunity to address Plaintiff's

4

claims.  As such, this Court lacks subject matter jurisdiction over Plaintiff's case and will dismiss the action.

  B.  The Court Lacks Authority to Decide Remaining Issues

The Government contends that Plaintiff's Complaint should be dismissed with prejudice, arguing that Plaintiff is precluded from refiling in federal court based on the FTCA's statute of limitations.  Plaintiff counters that he is entitled to dismissal of his claim without prejudice because the statute of limitations should be equitably tolled due to Defendants' repeated failure to notify him of the administrative filing requirement.

Since the Court does not presently have subject matter jurisdiction over this case, it is not empowered to consider any of these issues.  Rather, Plaintiff must first exhaust his administrative remedies before questions of timeliness and equitable tolling may be decided.  See Kozel, 678 F. Supp. at 453 (stating that under Third Circuit approach, courts "simply do not have power to hear a plaintiff's claim under the [FTCA] unless the requirements of [the Act] have been met"); Carr v. Childbearing Ctr. of Morris Heights, No. 02-3293, 2002 WL 31663575 (S.D.N.Y. Nov. 25, 2002) (holding that where plaintiff failed to exhaust administrative remedies under FTCA "any expression on the subject of equitable tolling would be dictum in a matter over which the Court lacks jurisdiction").

**IV. CONCLUSION**

Based on the foregoing reasoning, the Court will grant the Government's motion for summary judgment, dismiss Plaintiff's claim, and deny Plaintiff's motion as moot.  An

accompanying Order shall issue today.


Dated: October 9, 2007				  s/ Robert B. Kugler
						ROBERT B. KUGLER
						United States District Judge